UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| IN RE:<br><br>JOBEE EXPRESS, LLC<br><br>Debtor | CASE NO.: 25-31361<br>Chapter 11<br><br>**NOTICE OF OPPORTUNITY FOR HEADING**<br>(No Protest Notice: No Hearing Will Be Held Unless Request for Hearing Is Filed) |

**TAKE NOTICE** that Pawnee Leasing Corporation has filed papers with the Court to seek relief from the automatic stay. A copy of these papers are included with this Notice or copied on the reverse side of this Notice.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.  If you do not have an attorney, you may wish to consult one.**

If you do not want the Court to order relief from the automatic stay, or if you want the Court to consider your views on the motion, then on or before **14 days** from the date of this Notice, you or your attorney must do three things:

1. **File with the Court a written response <u>requesting that the Court hold a hearing</u> and explaining your position.  File the response at:**

    U.S. Bankruptcy Court
    Western District of North Carolina
    401 West Trade Street, Suite 2500
    Charlotte, NC 28202

If you mail your request to the Court for filing, you must mail it early enough so the Court will **receive** it on or before the date stated above.

2. **On or before the date stated above for written responses, you must also mail or fax a copy of your written request to:**
    John C. Bircher III
    Davis Hartman Wright, LLP
    209 Pollock Street
    New Bern, NC 28560
    *Attorney for Pawnee Leasing Corporation*

Rashad Blossom
Blossom Law PLLC
126 N. McDowell Street, 2nd Floor
Charlotte, NC  28204
*Attorney for Debtor*

3. **Attend the hearing scheduled for April 8, 2026 at 9:30 a.m.** at:

U.S. Bankruptcy Court
Western District of North Carolina
401 West Trade Street, Courtroom 2A
Charlotte, NC 28202

If you or your attorney do not take these steps, **A HEARING WILL NOT BE HELD,** and the Court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.

Dated: 03/04/2026

s/John C. Bircher III
John C. Bircher III
N.C. Bar No. 24119
Davis Hartman Wright, LLP
209 Pollock Street
New Bern, NC  28560
Tel/Fax: 252.262.7055
Email: john.bircher@dhwlegal.com

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

**IN RE:**

**JOBEE EXPRESS, LLC**                                          **CASE NO. 25-31361**

    **DEBTOR**                                                   **CHAPTER 11**

**MOTION FOR RELIEF FROM AUTOMATIC STAY OR, IN THE**
**ALTERNATIVE, ADEQUATE PROTECTION**

NOW COMES Pawnee Leasing Corporation ("Pawnee") by and through its undersigned counsel, and files this Motion for Relief from the Automatic Stay or for Adequate Protection pursuant to 11 U.S.C. § 362 of the Bankruptcy Code. In support of this Motion, Pawnee shows the Court as follows:

**PROCEDURAL AND FACTUAL HISTORY**

1.     This Court has jurisdiction over the parties and the subject matter.

2.     Jobee Express, LLC ("Debtor") filed its voluntary Chapter 11 Petition on December 17, 2025 (the "Petition Date").

3.     Pawnee was not listed as a secured creditor in the bankruptcy case, however, Movant is a secured creditor with valid security agreements and financing statements covering various identifiable personal property collateral.

**CONTRACTS AND COLLATERAL**

**Contract 1 (Account x7584)**

4.     On or about November 22, 2021, for valuable consideration, the Debtor executed and delivered to Tandem Finance, Inc. an Equipment Finance Agreement which was later Assigned to Pawnee, in the original principal amount of $141,743.00 ("**Contract 1**") for a 2022 Volvo VNL64T860 ("Volvo"),  as set forth in the filed Proof of Claim (#8)**.**

5.     As security for Contract 1, Pawnee holds the title to the Volvo, as attached to the filed Proof of Claim (#8).

6.     The outstanding balance due on Contract 1 is $87,001.73. The Debtor has been in default since September 15, 2025.

7.  Upon information and belief, the current fair market value of the Volvo, according to the Debtor's schedules, is $55,000.00.

## Contract 2 (Account 6326)

8.  On or about July 14, 2022, for valuable consideration, the Debtor executed and delivered to Tandem Finance, Inc. an Equipment Finance Agreement which was Assigned to Pawnee, in the original principal amount of $67,500.00 ("**Contract 2**") for a 2016 Volvo VNL64T670 ("2016 Volvo"), as set forth in the filed Proof of Claim (#9).

9.  As security for Contract 2, Pawnee holds the title to the 2016 Volvo, as attached to filed Proof of Claim (#9).

10.  The outstanding balance due on Contract 2 is $41,706.86. The Debtor has been in default since September 15, 2025.

11.  Upon information and belief, the fair market value of the 2016 Volvo is $13,000.00.

## RELIEF FROM AUTOMATIC STAY

12.  Pawnee is entitled to relief from the automatic stay for "cause" pursuant to Section 362(d)(1) of the Bankruptcy Code.

13.  Pawnee is informed and believes, based upon the Debtor's own schedules, that the Debtor does not have equity in the collateral referenced in this Motion, and that such property is not necessary for an effective reorganization.

14.  The collective fair market value of all the Pawnee contracts is exceeded by the collective amount of debt due and payable on each contract, therefore there is no equity in any of the collateral securing the debt obligations owed.

15.  Upon information and belief, the Debtor continues to use the Collateral in its daily business operations and the value of the Collateral continues to deteriorate with each hour of use and operation.

16.  Pawnee has not been provided adequate protection of its interests in the Collateral and therefore Pawnee lacks adequate protection of its interests in the Collateral

17.  Cause exists to lift the automatic stay as it relates to the Collateral. The Collateral is cross collateralized with all obligations owing to Pawnee under the Contracts and the sum of that indebtedness significantly exceeds the valuation of the Collateral.

18.     Further, upon information and belief, the Collateral is not necessary for an effective reorganization of the Debtor and Pawnee is entitled to relief from the automatic stay pursuant to Section 362(d)(2) of the Bankruptcy Code.

19.     Pawnee is entitled to immediate possession of the Collateral so that it may dispose of the Collateral in accordance with its loan documents and applicable state law and prevent further depreciation and possible waste to its Collateral. Accordingly, Pawnee requests that Rule 4001(a)(3) be waived.

20.     In the alternative, Pawnee is entitled to adequate protection of its interests in the Collateral, including, but not limited to, interim pre-confirmation adequate protection payments.

21.     Pawnee reserves the right to raise and assert additional arguments and evidence at any hearing on this matter.

WHEREFORE, Pawnee respectfully requests the following relief:

1.     That the automatic stay be lifted so that Pawnee may take possession of and dispose of the Collateral pursuant to its security documents and applicable state law.

2.     That the provisions of Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure shall not apply, as the collateral is constantly in use and depreciating, and due to the nature of the equipment, could be damaged irreparably at any time.

3.     That if relief from the automatic stay is not granted, the Court enter an Order providing adequate protection to Pawnee.

4.     That Pawnee have such other and further relief the Court may deem just and proper.

Dated:  03/04/2026

s/John C. Bircher III
John C. Bircher III
N.C. State Bar No. 24119
DAVIS HARTMAN WRIGHT LLP
209 Pollock Street
New Bern, NC 28560
Telephone/Facsimile 252-262-7055
Email: john.bircher@dhwlegal.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this day, he served a copy of the foregoing on the parties in interest either electronically or by depositing copies of same in a depository under the exclusive care and custody of the United States Postal Service, in a postage-paid envelope, addressed as follows:

Rashad Blossom
*Attorney for Debtor*
(by CM/ECF)

United States Bankruptcy
Administrator
(by CM/ECF)

Jobee Express, LLC
Attn: Manager or Agent
901 Crafters Lane
Pineville, NC  28134

Caleb Brown
*Trustee*
(by CM/ECF)

Dated: 03/04/2026

s/John C. Bircher III
John C. Bircher III
N.C. State Bar No. 24119
DAVIS HARTMAN WRIGHT LLP
209 Pollock Street
New Bern, NC 28560
Telephone/Facsimile 252-262-7055
Email: john.bircher@dhwlegal.com